**FILED: 2/14/11**

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA M. MUNOZ, et al )<br>    ) <br>    Plaintiff, )<br>    )<br>    v. )<br>    )<br>NCO FINANCIAL SYSTEMS, INC. )<br>    )<br>    Defendants. )<br>_____) | CASE NO. CV 10-7835 GHK (FFMx)<br><br>**ORDER RE: SUMMARY JUDGMENT MOTIONS** |

    A deadline for dispositive motions has been set in the above-captioned case. Any motion(s) for summary judgment **SHALL** comply with all Federal and Local Rules, as well as this Order. Please be advised that this Order contains requirements more specific than the Local and Federal Rules.

//
//
//
//

1. **LOCAL RULE 7-3 CONFERENCE:** The parties shall meet and confer, in person, in order to narrow and crystallize the issues to be argued in any summary judgment motion(s). The parties shall discuss *each issue* to be raised in the motion(s), as well as the law and evidence relevant to that issue, so that the parties' briefing may reflect that they are fully cognizant of the other side's position. If the briefing reveals that the parties are not on the same page with respect to the issues and positions presented, the motion(s) shall be stricken.

2. **TIMING:** The motion(s) shall be properly noticed under the Local Rules, *see* L.R. 6-1, and filed by the deadline set in the Scheduling Order, but in no event less than twenty days after the 7-3 conference has taken place. *See* L.R. 7-3.

3. **JOINT BRIEF:** The parties shall work cooperatively to create a single, *fully integrated* joint brief covering all parties' summary judgment motions, in which each issue (or sub-issue) raised by a party is immediately followed by the opposing party's/parties' response. The joint brief shall set out each issue (or sub-issue), including legal argument and direct citation to evidence (*i.e.*, not simply to the statement of undisputed and disputed facts), followed, seriatim, by the response with respect to that issue (or sub-issue), including legal argument and direct citation to evidence.

4. **CITATION TO EVIDENCE:** All citation to evidence in the joint brief shall be directly to the exhibit and page number(s) of the evidentiary appendix, (*see infra* ¶ 7), or page and line number(s) of a deposition. Parenthetical explanations are encouraged. The parties shall cite to relevant evidence to support factual assertions throughout the joint brief. Failure to cite evidence to support a factual assertion shall be deemed the party's admission that the party lacks evidence of that fact. Evidence not cited by a party in the joint brief shall be deemed admitted to be irrelevant.

5. **UNNECESSARY SECTIONS:** Because we are familiar with the basic facts of our cases, the parties need include neither a 'statement of the facts' section, nor a 'procedural history' section. We are also familiar with the general standard for summary judgment, so that need not be argued, but if a party believes a specialized standard is

applicable they may brief such a standard.  If preliminary issues—such as burden of proof, standard of review, or choice of law—are at issue, however, the parties shall brief such issues in accordance with ¶ 3, *supra*.

6. PAGE LIMITATION:  Each separately-represented party shall be limited to twenty-five pages, exclusive of tables of contents and authorities.  Repetition shall be avoided, and, as always, brevity is preferred.  Leave for additional space will be given only in extraordinary cases.  The excessive use of footnotes in an attempt to avoid the page limitation shall not be tolerated.  All substantive material, other than brief argument on tangential issues, shall be in the body of the brief.

7. EVIDENTIARY APPENDIX:  The joint brief shall be accompanied by one separate, tabbed appendix[1] of all *admissible* evidence relied upon by any party, including declarations and documentary evidence.  Declarations shall be of *admissible* evidence, and shall *not* contain argument.  L.R. 7-7.  Depositions, *see* L.R. 32-1, and physical exhibits shall be lodged separately.  The evidentiary appendix shall include a table of contents.

8. EVIDENTIARY OBJECTIONS:  All necessary evidentiary objections shall be made in the relevant section(s) of the joint brief.

9. JOINT APPENDIX OF UNDISPUTED AND DISPUTED FACTS:  The joint brief shall also be accompanied by a joint appendix of undisputed and disputed facts.  The 14-point font requirement of Local Rule 11-3.1.1 is waived for the purposes of this factual appendix only.  In order to avoid a Notice of Document Discrepancy, this appendix shall be entitled "Statement of Uncontroverted Facts."  *See* L.R. 56-1.  This appendix shall consist of a five column table:

   a. The first column shall contain the number of the fact alleged by a party to be undisputed.  All asserted undisputed facts shall be sequentially numbered, but shall be divided into sections clearly denoting which party is asserting the undisputed fact (*e.g.*, D1, D2, . . . , P51, P52, . . .).  Facts agreed

---

[1] A large appendix may be divided into multiple volumes.

to be undisputed need not be reasserted in later sections.

     b. The second column shall contain a plain statement of the fact. *Facts shall not be compound.* If, for instance, the required response is that the fact is disputed *in part*, the fact is compound. Furthermore, neither legal arguments nor conclusions constitute facts.

     c. The third column shall contain citation to admissible evidence the party believes supports that fact. If multiple pieces of evidence are cited, parenthetical explanations of the nature and relevance of each piece of evidence shall be included.

     d. The fourth column shall contain the opposing party's/parties' response to the asserted undisputed fact. The following are the only appropriate responses: (1) "Undisputed"; (2) "Disputed," along with a *brief* explanation of the dispute (*e.g.*, "unsupported by admissible evidence," or "conflicting evidence presented"). Legal argument is not an appropriate response. *See* L.R. 11-7.

     e. The fifth column shall contain citation to admissible evidence supporting the party's/parties' assertion of the dispute. If multiple pieces of evidence are cited, parenthetical explanations of the nature and relevance of each piece of evidence shall be included. If the party does not dispute the fact, or simply disputes the sufficiency of the asserting party's evidence, no citation is necessary.

10. FAILURE TO PROPERLY DISPUTE A FACT: A party's failure to properly dispute any fact asserted to be undisputed by the opposing side shall result in our deeming that fact established for the purposes of resolving the motion(s). *See* L.R. 56-3.

11. FAILURE TO COMPLY WITH THIS ORDER: If it appears from the joint brief that the parties have not discharged their Local Rule 7-3 obligations in good faith, that the parties have not worked to fully integrate the document, or that the parties have otherwise failed to fully comply with this Order, the motion(s) shall be stricken, and the

4

1 parties shall be required to repeat the process. If it appears that a party is/some parties are
2 primarily responsible for the parties' failure to properly file an adequate joint brief, that
3 party/those parties shall be subject to appropriate sanctions.

**IT IS SO ORDERED**.

DATED: This __14th__ Day of __February__, 2011.

                                                      GEORGE H. KING
                                          United States District Judge